UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LARRY COCHRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:08-CV-0358 WL |
| | ) | |
| MICHAEL BARNES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Larry Cochran, a federal prisoner confined at the Glenville Federal Correctional

Institution, submitted a complaint alleging that Federal officials Michael Barnes and Euseio

Gonzalez deprived him of personal property without due process of law. The plaintiff

states that his complaint is a constitutional tort claim against the individual officers under

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, (1971).

The court must review the merits of a prisoner complaint seeking redress from a

governmental entity or officer or employee of a governmental entity, and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

1915A. Courts apply the same standard under § 1915A as when addressing a motion under

RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain
> statement of the claim showing that the pleader is entitled to relief, in order
> to give the defendant fair notice of what the claim is and the grounds upon
> which it rests. While a complaint attacked by a RULE 12(b)(6) motion to
> dismiss does not need detailed factual allegations, a plaintiff's obligation to
> provide the "grounds" of his "entitlement to relief" requires more than labels
> and conclusions, and a formulaic recitation of the elements of a cause of

action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at n.3(quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id., 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Cochran alleges that on April 22, 2006, Hammond police officers arrested him, and that on April 24, 2006, he was transferred from Hammond to the Lake County Jail. At that time, the personal property he had in his possession was in the custody of state officials. Cochran asserts that on July 28, 2006, the defendants took him into federal custody and the defendants:

both instructed the Plaintiff to remove his Jewelry and give it to them because he could not have it or possess it during transport to the Federal Holding Facility. The Defendant(s) also told Plaintiff the (sic) his jewelry could not be delivered with him to the Federal Holding Facility and that his Jewelry would be taken care of, and turned over to the FBI.

(Complaint at p. 6).

He alleges, however, that when he went into the federal holding facility, his property did not accompany him, and that the defendants did not turn it over to federal officials there. Cochran made inquiries regarding the whereabouts of his jewelry, and states that on October 22, 2008, the government asserted in its "Response to motion for Return of Property that the Government did not, and never had, possess[ed] Plaintiff's Jewelry. At that time Plaintiff became aware that his Jewelry had just been taken from him by these Defendant(s)." (Complaint at p. 8).[1]

Cochran's claim is based on an incident he alleges to have occurred on July 28, 2006. His complaint was signed on December 9, 2008, more than two years after that incident. A *Bivens* action brought in Indiana is subject to Indiana's two year statute of limitations for personal injury actions. *King v. One Unknown Federal Correctional Officer,* 201 F.3d 910, 914 (7th Cir. 2000); *Loy v. Clamme,* 804 F.2d 405, 408 (7th Cir. 1986). **A** claim accrues when the plaintiff knows both the existence and the cause of his injury. *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993).

If Cochran knew of both the existence and cause of his injury more than two years prior to December 9, 2008, his claim is untimely. He asserts in his complaint that he was not aware until October 22, 2008, that the defendants did not turn his Jewelry over to officials

---

[1] Attachments to the plaintiff's complaint undermine his claim that he was not aware until October 22, 2008, that the defendants were responsible for the loss of his jewelry. On April 20, 2007, Cochran wrote to the two defendants, stating that "I recently went to view the evidence in the FBI's and the United States Attorney's Possession . . . . I noted that my unseized personal property (Jewelry), which you took off of my person before/during the transport of me 'from' Lake County Jail on July 28th 2006, to the Federal Holding Facility at the Hammond Police Department, was not included with the other items" in the government's possession. (DE #1-2, attachment 2, letter dated April 20, 2007). Cochran concludes the letter with a request to the defendants to "please return it immediately!" (*Id.*).

at the federal holding facility. The attachments to his complaint establish, however, that he was aware of the defendants' responsibility for the loss of his property at least by April 20, 2007, when he wrote his first letter to the defendants accusing them of being responsible for his property loss. For the purposes of this memorandum, the court will assume the complaint was filed within the statute of limitations. If the defendants believe they have grounds to challenge the timeliness of the complaint, they may assert the statute of limitations as an affirmative defense.

Cochran filed this complaint as a *Bivens* action. In his complaint he states that he has also pursued other avenues seeking return of his property, including filing motions in his criminal case and filing a federal tort claim. (Complaint at p. 3). He emphasizes in his complaint that he does not wish this action to be construed as an action seeking relief under the Federal Tort Claims Act. (Complaint at p. 4).

> If a federal law enforcement officer commits a tort, the victim has two distinct avenues of relief: he may pursue a constitutional tort claim against the individual officer under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or he may pursue a common law tort claim against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. The latter avenue is subject to an important caveat. Under 28 U.S.C. § 2676, a judgment in an FTCA action acts as a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

*Manning v. U.S.*, 546 F.3d 430, 431 (7th Cir. 2008).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589,

590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69. 73 (1894). Giving Cochran the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts consistent with his *Bivens* claim that the defendants were responsible for the loss of the jewelry he says they took from him when they transported him from the Lake County Jail to the federal holding facility.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against the defendants on his *Bivens* claim that they are responsible for the loss of his personal property;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that, upon service of process upon them, the defendants are to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) DIRECTS the clerk to sign and seal the tendered summonses and return them to the plaintiff.

SO ORDERED.

DATED: March __20__, 2009

**s/Willam C. Lee**
William C. Lee, Judge
United States District Court