UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LARRY COCHRAN, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 2:08-CV-0358 WL |
| MICHAEL BARNES, *et al.*, | ) |
| Defendants. | ) |

*OPINION AND ORDER*

Larry Cochran, a prisoner confined at the Glenville Federal Correctional Institution, filed a *Bivens* action alleging that federal officers Michael Barnes and Eusebio Gonzalez[1] deprived him of personal property without due process of law. He also sought *in forma pauperis* status, but the court found that he had accumulated three "strikes" within the meaning of 28 U.S.C. § 1915(g), denied him leave to proceed *in forma pauperis,* and required him to pay the filing fee in full.

Cochran asked the court to order the Marshals Service to serve the complaint on the defendants. But because the court denied his request to proceed *in forma pauperis*, the Marshals Service could not serve the defendants with process on Cochran's behalf, at no cost, pursuant to 28 U.S.C. § 1915(d). The Marshals Service, however, could still have served the defendants on Cochran's behalf if he paid them to do so, and the court advised Cochran that he could "have the Marshals Service serve the defendants with process on his behalf by paying a fee to the Marshals Service." (DE 9 at 1). Nevertheless, Cochran chose to attempt to serve the defendants himself, and sent the summons and complaint to what he believed to be the defendants' place of employment by certified mail. (DE 20). Defendant Gonzalez filed a motion to dismiss pursuant to Fed R. Civ.

---

[1] The complaint names this defendant as Euseio Gonzalez, but the defendant states that his correct name is Eusebio Gonzalez.

P. 12(b)(2), (4), and (5), asserting that Cochran had not properly served him because he was no longer employed at the address to which Cochran sent the summons and complaint. Defendant Barnes has joined in the motion to dismiss filed by defendant Gonzalez asserting that service of process failed on him for the same reason.

## MOTIONS TO STRIKE

Cochran responded to the defendants' motion to dismiss. Defendant Gonzalez has filed a motion to strike a portion of that response on the grounds that it unrelated to the question of service of process. In this portion of his response, Cochran argues that the defendants waived the right to interpose the defense of lack of service of process. Cochran's argument in this regard is a procedural argument opposing defendant Gonzalez's motion to dismiss, which the court will address in this memorandum. Accordingly, it will deny defendant Gonzalez's motion to strike that part of Cochran's response to the defendants' motion to dismiss.

Defendant Gonzalez has also filed a motion to strike Cochran's sur-response to his reply to Cochran's response to the motion to dismiss, and a motion to strike the plaintiff's sur-reply to defendant Gonzalez's reply in support of his motion to strike portions of Cochran's response to the motion to dismiss. Defendant Gonzalez argues that Cochran's sur-responses violate L.R. 7.1. But while Cocrahn's sur-replies are not explicitly permitted by L.R. 7.1, neither are they explicitly precluded by that rule. The sur-responses merely present additional legal arguments about issues already discussed in earlier submissions by the parties, and do not present additional facts. Accordingly, the court will deny the motions to strike and consider the legal arguments presented by Cochran in his sur-replies.

## DEFENDANTS' MOTION TO DISMISS

The defendants' motion to dismiss asserts that Cochran did not achieve proper service of process and that the court has not acquired personal jurisdiction over them. "*Bivens* actions against federal employees require personal service of process. The employees may have to pay judgements out of their own pocket" because congress has not established a system of indemnification. *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990), citing *DelRaine v. Carlson*, 826 F.2d 608, 704 (7th Cir. 1987) and *Lewellen v. Morley*, 875 F.2d 118, 122 n. * (7th Cir. 1989).

Pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Service of process serves a dual purpose: it gives the court jurisdiction over the person of the defendant as well as notifying him of the lawsuit. *See Millikan v. Meyer*, 311 U.S. 457 (1940); *F.D.I.C. v. Spartan Mining Co.*, 96 F.R.D. 677, 681 (S.D. W. Va. 1983), *aff'd*, 731 F.2d 1134 (4th Cir. 1984). Even actual notice of a lawsuit, without service, is insufficient to give the court the jurisdiction necessary to allow it to enter a judgment against a defendant. *Bennett v. Circus U.S.A.*, 108 F.R.D. 142, 148 (N.D. Ind. 1985). The requirement of proper service is not waived by the entry of an appearance by or on behalf of a defendant. *Lewellen v. Morley*, 909 F.2d at 1077.

Rule 4(e) of the Federal Rules of Civil Procedure provides that when serving an individual defendant within the United States:

> . . . [u]nless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:

3

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Service in Indiana is governed by Rule 4 of the Indiana Rules of Civil Proecdure. Rule 4(A) of the Indiana Rules of Civil Procedure provides that:

(A) In General. Service may be made upon an individual, or an individual acting in a representative capacity, by:

(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or

(4) serving his agent as provided by rule, statute or valid agreement.

Cochran notified the court that "service was made on Michael Barnes and Euseio Gonzales . . . by placing said Complaint with Summons in the Institutional Legal Mail on **March 30th 2009**[,]" by certified mail. (DE 20) (Emphasis in original). He further stated that "I, Larry Cochran, did serve the above defendants at their place of business and/or work G.R.I.T. Federal Task Force Office 531 Washington St., Gary, Indiana 46402." (*Id.*). Because Cochran elected to serve the complaint on the defendants at their place of employment by certified mail, his attempt to serve them must comply with Ind. Trial Rule 4.1(A)(1), which allows for service of summons upon an individual defendant by certified mail at his current residence, place of business or employment.

4

In his motion to dismiss, defendant Gonzalez asserts that service was inadequate because "[t]he address of G.R.I.T. Federal Task Force, 531 Washington Street, Gary, IN 46402 is not Gonzalez's place of residence, place of business or place of employment." (DE 31-1 at 2). Defendant Barnes also asserts that the Gary G.R.I.T. Federal Task Force is not his place of employment. (DE 32 at 1). Accordingly, the defendants argue, "[t]he Plaintiff's purported attempt at service upon [them] is not proper." (DE 31-1 at 2).

Cochran could have responded by renewing his attempt to serve the defendants, including paying the Marshals Service to serve the complaint on his behalf. Instead, he elected to defend his attempt to serve the defendants at the office of the G.R.I.T. Federal Task Force in Gary, Indiana, as adequate. In his response to the defendants' dismissal request, Cochran presents two arguments: (1) that the defendants failed to file a timely response to his complaint, and thereby waived the defense of service of process, and (2) that the service of process upon the defendants by certified mail to the Gary G.R.I.T. Federal Task Force office was adequate service of process.

WAIVER OF THE DEFENSE OF SUFFICIENCY OF SERVICE

Cochran asserts that "this objection (service of process) is waived as to defendant Eusebio Gonzalez, due to his counsel's failure to file a timely response and/or any defense or objection, and committing a Fraud Upon this Court, Perjury, violation of Fed. R. Civ. P. Rule 11, the Rules of Professional Conduct, and the Ethics Rules." (DE 40-1 at 5). He states that defendant Gonzalez's counsel misrepresented his efforts to obtain Cochran's agreement to an enlargement of time within which to respond to the complaint, which "caused the defendant to be in default under Rule 55(a) for failure to timely and or properly respond to [the] complaint . . . and . . . caused any objection or defense under Rule 12 to be waived." (*Id.* at 6).

5

Cochran has aggressively pursued his theory that defendant Gonzalez's counsel's alleged misconduct entitles him to a default judgment. When defendant Gonzalez's counsel entered his appearance, he advised the court that he had unsuccessfully attempted to contact Cochran pursuant to L.R. 6.1. (DE 24-2 at 2). On April 17, 2009, defendant Barnes's counsel filed a notice of extension of time to respond, stating that he was also unable to obtain agreement from Cochran. (DE 26). Cochran contests defendant Gonzalez's counsel's representations, stating that he was actually contacted by counsel and specifically objected to a continuance. (DE 40-2 at 5).

Local Rule 6.1(a) provides, in pertinent part, that "[i]n every civil action pending in this court in which a party wishes to obtain an initial extension of time not exceeding twenty-eight (28) days within which to file a responsive pleading . . . the party shall contact counsel for the opposing party and solicit opposing counsel's agreement to the extension." Because the language of L.R. 6.1(a) provides that the rule only applies to cases in which the opposing party is represented by counsel, it has no application to cases, such as this one, in which the plaintiff is *pro se*. Because Cochran is *pro se*, counsel for the defendants had no obligation to seek his consent before seeking an enlargement of time within which to file a responsive pleading.

On April 27, 2009, the court received requests from Cochran for entry of a default judgment in his favor, asserting that the defendants had not filed a responsive pleading within the allotted time (DE 27, 28, and 29). The court denied these requests for a default judgment on May 7, 2009, because Cochran had not complied with the requirements of Fed. R. Civ. P. 5. (DE 33).

On May 22, 2009, Cochran resubmitted his request for entry of a default against defendant Gonzalez, alleging that he had been properly served and that his counsel had fraudulently obtained an enlargement of time before filing his motion to dismiss. (DE 42). On June 1, 2009, Cochran filed a request for entry of default against defendant Barnes (DE 52) and yet another request for a default

6

entry against defendant Gonzalez. (DE 53). The court denied these requests for entry of default on June 5, 2009, because the record established that even assuming that proper service had been achieved (which the defendants contested) counsel for the defendants had entered appearances and defended against Cochran's claims by filing a motion to dismiss. (DE 55). In addition to seeking a default based on alleged attorney misconduct, Cochran filed a request for termination and prohibition of representation reiterating his claims of misconduct by defendant Gonzalez's counsel and asking the court to prohibit that attorney "or anyone else in his office, from Representing Eusebio Gonzalez any further in this matter." (DE 44). The court denied that motion as without merit. (DE 56).

To recapitulate, the court has already considered the question of alleged attorney misconduct and Cochran's claim that the defendants were in default because they did not properly obtain an enlargement of time within which to respond to the complaint, and has adjudicated those claims against the plaintiff. Indeed, "if a party has never been served at all, he cannot be held to have waived his objection to lack of jurisdiction over the person" even when he fails to appear entirely. *Bennett v. Circus U.S.A.*, 108 F.R.D. at 149. "Whether or not Lentz may have waived his right to raise the defense of insufficiency of process is irrelevant to this court's jurisdiction, and Lentz' alleged waiver cannot cure this jurisdictional defect. Therefore, Bennett's waiver argument must fail." *Id.* Accordingly, the question the court must determine is whether the court has acquired jurisdiction over the defendants by sufficient service of process.

## SUFFICIENCY OF SERVICE OF PROCESS

For the purpose of ruling on the defendants' motion to dismiss, the court accepts as true the following facts. The events Cochran complains of in his complaint occurred on, July 28, 2006, when the defendants escorted him from the Hammond City Jail to the Lake County Jail. (DE 1 at 5-6). At

that time, both defendants were employed by the G.R.I.T. Federal Task Force in Gary, Indiana. On March 30 2009, Cochran placed a copy of the complaint with summons, by certified mail, in the outgoing mail at the Glenville FCI addressed to each defendant at the G.R.I.T. Federal Task Force 531 Washington Street in Gary, Indiana. (DE 20). Sometime between July 28, 2006, and the date in 2009 when summons and complaint mailed by Cochran arrived at the G.R.I.T. Federal Task Force 531 in Gary, Indiana, both defendants left the G.R.I.T. Federal Task Force. Although the record does not reflect how the defendants became aware of the action filed against them by Cochran, they did become aware of it and attorneys entered appearances on their behalf in April 2009. (DE 21, 22, and 23). The question before the court is whether, based on these facts, there is any theory under which this court may consider the service of process on the defendants at their former place of employment to be sufficient for this court to have acquired personal jurisdiction over them.

Cochran concedes that "[a]ssuming the defendant is not currently employed with the G.R.I.T. Federal Task Force, Indiana's specific requirements for service under Trial Rule 4.1(A)(1) were not met." (DE 40-1 at 4). He asserts, however, that Indiana Trial Rule 4.15(F) provides that service of process should not be set aside as insufficient so long as service was reasonably calculated to inform the defendant that a lawsuit has been filed.

Cochran argues in his response to the defendants' dismissal motion that:

It was not unreasonable [for him] to believe that the defendant, who was a United States Officer at the time he committed the injuries to the Plaintiff, was still employed as a United States Officer or that the G. R. I. T. Federal Task Force would forward a Summons and Complaint based on the defendant's conduct while in their employ, considering the relationship and type of employment.

(DE 40-1 at 4). He further asserts that "[u]nder Indiana Trial Rule 4.15(F), any deficiency in service of process due to the happenstance of the defendant switching the address of his employment, a matter outside of the Plaintiff's control, should not lead to dismissal, at least where the defendant

received actual notice of the lawsuit and suffered no prejudice." (*Id.*).

The question, however, is not whether it was subjectively reasonable for Cochran to believe that the defendants would still be employed at the same address more than thirty-two months after his last contact with them. The question the court must answer is, objectively, whether service of process at the G. R. I. T. Federal Task Force office was sufficient where the defendants were no longer actually employed at that office.

It is not clear from the record whether the defendants are still federal employees. But even if they were still employed by the federal government in March and April of 2009, Cochran would have had to have served them at their present workplace, not at any other federal office. Under Indiana law, the term "'place of employment' connotates the physical location at which the defendant works." *Claus v. Mize*, 317 F.3d 725 (7th Cir. 2003). In *Claus*, a plaintiff served process on a correctional officer at the Indiana Department of Correction ("IDOC") Central Office rather than at the facility at which he actually worked. The Seventh Circuit concluded that "Claus's attempted service at the IDOC's central office did not comply with the requirements of Indiana Trial Rule 4.1." *Id.* at 728.

Cochran suggests that serving the defendants at their former workplace was "reasonably calculated to inform the person to be served" of the action against him, and therefore was proper service under Ind. T.R. 4.15(F). (DE 40-1 at 4). But "[t]he Indiana Supreme Court has explicitly stated that 'T.R. 4.15(F) only cures technical defects in the service of process, not the total failure to serve process'."*Claus v. Mize*, 317 F.3d 725 at 728, quoting *Palme v. Romero*, 621 N.E.2d 1102, 1107 (Ind.1993). The "failure to serve Defendants at their place of employment constituted a complete failure of service of process rather than a technical failure of service of process. A complete failure of service of process cannot be cured by Indiana Rule 4.15(F) which provides that

9

defective service is effective if it complies with due process requirements." *Robinson v. Turner*, 886 F.Supp.1451, 1458 (S.D.Ind. 1995) (citations omitted) (concluding that under Indiana law, a federal corrections officer was not properly served at a particular prison in a *Bivens* action because he was no longer employed at that prison when service was attempted).

Cochran notes in his responses to the defendants' motion to dismiss that following his mailing of a summons and complaint to the G.R.I.T. Federal Task Force office in Gary, Indiana, counsel appeared for the defendants. He suggests that the G.R.I.T. Federal Task Force office forwarded these materials to the defendants, a scenario the court accepts as probable, and argues that the forwarding of the materials to the defendants establishes sufficient service of process resulting in the court acquiring personal jurisdiction over the defendants. But where a defendant comes into actual knowledge of an action against him, even where "it is very likely that he first learned of it when he received the copy of the complaint and summons forwarded to him by [someone else]," *Bennett v. Circus U.S.A.*, 108 F.R.D. at 148, there is:

> no valid service of process despite the defendant's knowledge of the suit. The rationale behind this rule is that service of process serves a dual purpose: it gives the court jurisdiction over the person of the defendant as well as notifying him of the lawsuit. See Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *F.D.I.C. v. Spartan Mining Co.*, 96 F.R.D. 677, 681 (S.D.W.Va.1983), aff'd, 731 F.2d 1134 (4th Cir.1984). Precisely because of the court's need to get jurisdiction over the person of the defendant, actual notice alone is insufficient to give the court the jurisdiction necessary to allow it to enter a judgment against a defendant. *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir.1982); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982); *Martin v. N.Y. State Dept. of Mental Hygiene*, 588 F.2d 371, 373 (2d Cir.1978); *Ransom v. Brennan*, 437 F.2d 513, 519 (5th Cir.), *cert. denied*, 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971). Therefore, Lentz' knowledge of the pendency of this lawsuit cannot cure the deficiencies in service upon Lentz.

*Bennett v. Circus U.S.A.*, 108 F.R.D. at 148.

Nor does the fact that counsel entered appearances for the defendants assist Cochran in establishing adequate service of process on them because:

> the filing of an 'appearance form' does not relieve plaintiff from executing proper service of process upon the defendants. *See* Fed.R.Civ.P. 4(a) (charging plaintiff with the responsibility for serving complaint and summons on defendant). Such service requirements are strictly upheld. *See*, *e.g., Micklus v. Carlson*, 632 F.2d 227, 240-41 (3d Cir.1980). Appellant points us to no authority for the proposition that the filing of an "appearance form" constitutes a waiver of the Rule 4 service requirements. Nor have we found any.

*Lewellen v. Morley*, 909 F.2d at 1077. (Footnote Omitted).

Finally, Cochran suggests that he is under a disadvantage compared with other litigants, even other *pro se* litigants, in serving defendants with process because, as a prisoner, he is restricted in the steps he can take to ascertain the appropriate address on which to serve the defendants. The court accepts that Cochran's confinement places him at a disadvantage in obtaining a defendant's current address. But Cochran cites no precedent that would justify this court in taking that fact into account in determining whether he has properly served the defendants, and the court has not found any such precedent.

Moreover, in this case, Cochran's problem is self inflicted because he could have paid the Unites States Marshals Service to serve the defendants on his behalf, as suggested by the court in its order of February 11, 2009. (DE 9). When the Marshals Service serves process on a prisoner's behalf it has the obligation to attempt to locate a federal employee who has changed job locations. *Sellers v. United States*, 902 F.2d 598 (7th Cir. 1990). In *Sellers* a federal prisoner sought to sue a federal corrections officer who had left the employment of the facility where the events complained of occurred. The court held that the prisoner had the obligation to provide sufficient information to identify the defendant and that "once that information has been provided, the Marshal should be able to obtain a current business address and complete service." *Id.* at 602. *See also Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995), where a state prisoner's attempt to serve a defendant who had been a prison employee failed "because Mr. Satkoski had left the prison's employ." *Id.* at 711. The court

in *Graham* noted that "the Marshals Service failed to serve the defendants who no longer worked at the prison. As far as the record indicates, no effort was made to ascertain the defendants' new locations. The district court did not question the marshals' efforts and dismissed the defendants pursuant to Rule 4(m)." *Id*. at 712. The United States Court of Appeals for the Seventh Circuit remanded *Graham* with instructions that the district court order the Marshals Service to attempt to locate the defendants' current addresses and serve them at that address. In this case Cochran had the information necessary to identify the defendants. Had he paid the minimal sum necessary to have the Marshals Service serve the complaint on his behalf, the Marshals Service would have been required to locate the defendants at their current addresses after it was determined that the defendants were no longer employed at the G.R.I.T. Federal Task Force.

## CONCLUSION

For the foregoing reasons, the court DENIES defendant Gonzalez's motions to strike (DE 46, 60, and 65), GRANTS the defendants' motion to dismiss (DE 31), DISMISSES the plaintiff's complaint without prejudice, and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED

ENTERED: February 1, 2010

                                                  s/William C. Lee
                                                  William C. Lee, Judge
                                                  United States District Court